**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

Case number *(if known)* _____ Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy        06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Coal New Haven, LLC |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number (EIN)** | 46-0560949 |

| | | | |
|---|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | 1001 E.19th Street <br> Brooklyn, NY 11230 <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | Kings <br> County | **Location of principal assets, if different from principal place of business** <br> 915 Ella T. Grasso Boulevard New Haven, CT 06519 <br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website (URL)** | |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor  **Coal New Haven, LLC**                                    Case number (if known) _____
_____
       Name

7. **Describe debtor's business**    A. Check one:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☐ None of the above

B. Check all that apply

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

        5313

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**    Check one:

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. Check all that apply.

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____  Relationship _____
District _____  When _____  Case number, if known _____

Debtor   Coal New Haven, LLC                                      Case number *(if known)* _____
       Name

| 11. | Why is the case filed in this district? | *Check all that apply:* |
|---|---|---|

☒   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ☒ No |
|---|---|---|

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard?    _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**    _____

                                Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency   _____

           Contact name   _____

           Phone   _____

---

**Statistical and administrative information**

| 13. | Debtor's estimation of available funds | *Check one:* |
|---|---|---|

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

| 14. | Estimated number of creditors | ☒ 1-49 <br> ☐ 50-99 <br> ☐ 100-199 <br> ☐ 200-999 | ☐ 1,000-5,000 <br> ☐ 5001-10,000 <br> ☐ 10,001-25,000 | ☐ 25,001-50,000 <br> ☐ 50,001-100,000 <br> ☐ More than 100,000 |
|---|---|---|---|---|

| 15. | Estimated Assets | ☐ $0 - $50,000 <br> ☐ $50,001 - $100,000 <br> ☐ $100,001 - $500,000 <br> ☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million <br> ☒ $10,000,001 - $50 million <br> ☐ $50,000,001 - $100 million <br> ☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion <br> ☐ $1,000,000,001 - $10 billion <br> ☐ $10,000,000,001 - $50 billion <br> ☐ More than $50 billion |
|---|---|---|---|---|

| 16. | Estimated liabilities | ☐ $0 - $50,000 <br> ☐ $50,001 - $100,000 <br> ☐ $100,001 - $500,000 <br> ☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million <br> ☒ $10,000,001 - $50 million <br> ☐ $50,000,001 - $100 million <br> ☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion <br> ☐ $1,000,000,001 - $10 billion <br> ☐ $10,000,000,001 - $50 billion <br> ☐ More than $50 billion |
|---|---|---|---|---|

Debtor    Coal New Haven, LLC _____    Case number (*if known*) _____
                    Name

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/20/2024
            MM / DD / YYYY

X /s/  Mitchell Kahn _____         Mitchell Kahn _____
    Signature of authorized representative of debtor         Printed name

Title    Financial Manager _____

**18. Signature of attorney**

X /s/ Kevin Nash _____         Date _____
    Signature of attorney for debtor                         MM / DD / YYYY

    Kevin Nash _____
    Printed name

    Goldberg Weprin Finkel Goldstein LLP _____
    Firm name

    125 Park Ave
    New York, NY 10017-5690 _____
    Number, Street, City, State & ZIP Code

    Contact phone _____    Email address   knash@gwflaw.com _____

    NY _____
    Bar number and State

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                    Chapter 11

Coal New Haven, LLC,                                      Case No.

                              Debtor.
-----------------------------------------------------------------x

### DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Mitchell Kahn declares the following under penalties of perjury pursuant to 28 U.S.C. §1746:

1.      I am the financial manager ("FM") of Coal New Haven, LLC (the "Debtor"), designated to oversee a corporate reorganization of the Debtor to be funded by a new investor group known as Retreat CT Holdings LLC (the "New Investor Group").

2.      I respectfully submit this Declaration pursuant to Local Rule 1007-2 in support of the commencement of the Chapter 11 case on behalf of the Debtor. This Declaration is based upon my review of the Debtor's available books and records and court filings. The purpose of this Declaration is to assist the Court, creditors and other parties-in-interest in understanding the Debtor's debt and capital structure, and plans to emerge from bankruptcy.

3.      Contemporaneously herewith, the New Investor Group entered into a comprehensive restructuring agreement (the "RSA") with the Debtor and its manager, David Silberstein, who signed the Company Resolution authorizing the commencement this Chapter 11 case. A copy of the RSA is annexed hereto as Exhibit "A".

4.      By virtue of the foregoing, I, along with other members of the New Investor Group, are vested with the authority to prosecute the Chapter 11 case on behalf of the Debtor with the goal of restructuring the Debtor's outstanding debts and obligations under the auspices

1

of the Bankruptcy Court, as opposed to permitting a receiver to pursue a distressed sale of the Debtor's real property located at 915 Ella T. Grasso Boulevard, New Haven, Connecticut (the "Property"), in connection with a pending foreclosure action.

5.    Since July 9, 2024, the Property has been subject to a foreclosure litigation commenced by the Debtor's senior lender, Arba Credit Investors II, L.P. as successor in to Fulton Bank (the "Lender"). The Lender holds various mortgages in the total original principal amount of $10.7 million, plus accrued interest. The foreclosure action is pending in the Connecticut Superior Court for the District of New Haven, and Ian Lagowitz was appointed as the Receiver.

6.    While the Property is located in Connecticut, the Debtor's executive offices are located in care of David Silberstein at 1001 East 19th Street, Brooklyn, NY. Venue is proper in the Eastern District of New York, which is the location of the nerve center of the Debtor.

7.    For many years, the Property was occupied by an affiliate of the Debtor known as NR Connecticut LLC (the "Op Co") which previously operated an 80-bed drug and alcohol rehabilitation facility pursuant to written lease and upon information and belief it owes substantial arrears. The facility recently closed in July 2024 and is also subject to a state court receivership.

8.    An important aspect to the RSA is for Op Co to seek reinstatement of the Certification of Need ("CON") to reopen the facility and thereby potentially enhance the value of the Property for the benefit of the Debtor as the Prop Co.

9.    Given the pending foreclosure action and a motion of the Receiver to sell the Property, the filing of a Chapter 11 petition is viewed as the optimum method to address the claims of all creditors in the most efficient and effective manner, while realizing fair market

2

value for the Property.  At this juncture, a sale of the Property through a receivership will not likely generate any funds to pay any creditors besides the Lender.  The RSA contemplates not only a restructuring of the senior mortgages but also payments to the Debtor's other creditors.

10.    Pursuant to the RSA, the commencement of the Chapter 11 case has received the consent of the Debtor's current members and manager, as confirmed in the attached resolution.

### Reorganizational Strategy

11.    The Debtor believes that a Chapter 11 filing provides the best opportunity to address the claims of all creditors in a fair and equitable manner while efforts are made to restructure the underlying senior mortgages obligations.  The Debtor intends to promptly open negotiations with all major creditor constituents in the Chapter 11 case.

### Local Rule 1007-2 Disclosures

12.    Although newly engaged, I am in a position to make the following disclosures based upon information available to me from a review of the Debtor's books and public filings.

13.    Pursuant to Local Rule 1007-2(a)(4), the Debtor intends to file a comprehensive set of schedules and statements.  The creditor matrix used for this Petition has been prepared based upon a review of information provided to me by Mr. Silberstein.

14.    Pursuant to Local Rule 1007-2(a)(5), the Lender is owed a total secured principal debt of at least $10.7 million, plus accrued interest, fees and other charges.

15.    Pursuant to Local Rule 1007-2(a)(6), all of the Debtor's assets and liabilities are set forth in the bankruptcy schedules and statements.

16.    Pursuant to Local Rule 1007-2(a)(7), the membership interests in the Debtor are not publicly traded and are being held by Silver Mount Two LLC (99%) and Silver Mount LLC (1%)

17.    Pursuant to Local Rule 1007-2(a)(8), the Debtor's primary asset consists of the Property, which is currently in the possession of the Receiver.

18.    Pursuant to Local Rule 1007-2(a)(9), the Property is owned by the Debtor.

19.    Pursuant to Local Rule 1007-2(a)(10), some of the Debtor's current books and records are believed to be in the possession of the Receiver and his professional. If all records are not voluntarily turned over, the Debtor will pursue a formal action against the Receiver.

20.    Pursuant to Local Rule 1007-2(a)(11), a schedule of pending lawsuits is filed herewith.

21.    Pursuant to Local Rule 1007-2(a)(12), I am serving as the FM of the Debtor without compensation.

22.    Pursuant to Local Rule 1007-2(b), the Debtor intends to resume possession and management of the Property and will engage a third party management firm if necessary. The New Investor Group is prepared to fund necessary operating expenses, such as taxes and insurance, pending further negotiations with creditors.

Dated: New York, NY
      December 30, 2024

Mitchell Kahn

4

# EXHIBIT A

**BINDING RESTRUCTURING AGREEMENT**

for **COAL NEW HAVEN, LLC (the "Prop Co")**

December 26, 2024

This restructuring agreement (this "*Agreement*") presents the economic terms of a financial restructuring and support agreement (the "*Restructuring*") between the Prop Co (the "*Debtor*"), David Silberstein, Silver Mount Two, LLC ("**Silver Mount Two**") and Silver Mount, LLC ("**Silver Mount**") (Silver Mount Two and Silver Mount are collectively, the "***Silberstein Entities***"), and Retreat CT Holdings LLC, a Delaware limited liability company (the "*New Investor Group*") to assume immediate and exclusive management control of the Prop Co entity for the purpose of restructuring the Debtor by means of commencing a case under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

**THE RESTRUCTURING MAY BE SUBJECT TO ADDITIONAL DOCUMENTS CONSISTENT WITH THE TERMS SET FORTH HEREIN. IN THE INTERIM, HOWEVER, THIS MEMORANDUM AGREEMENT SHALL FULLY BIND THE PARTIES HERETO EFFECTIVE IMMEDIATELY. THE INABILITY TO ACHIEVE ANY SINGLE PROVISION SHALL NOT AFFECT THE BINDING NATURE OF THIS AGREEMENT.**

| OVERVIEW | |
|---|---|
| **Overview:** | This Agreement contains the essential terms of an intended restructuring of the Debtor's business operations to be effectuated pursuant to a Chapter 11 plan of reorganization in accordance with the terms herein (the "*Plan*"). The Plan may include disposition of the Prop Co and a transfer of the membership interests by the Prop Co to the New Investor Group. |
| **Designation of New Manager for the Prop Co:** | David Silberstein on behalf of the Prop Co shall appoint indefeasibly and irrevocably Mitchell Kahn of the New Investor Group to become the Financial Manager of the Prop Co ("*FM*") with the sole and full power to commence a Chapter 11 case on behalf of the Prop Co, and to retain Goldberg Weprin Finkel Goldstein LLP as bankruptcy counsel. The appointment of the FM shall be confirmed by a duly executed resolution signed by David Silberstein in the form attached hereto, plus a duly executed power of attorney signed by David Silberstein as manager of the Prop Co and on behalf of the Silberstein Entities. Pending the completed Restructuring through a successful bankruptcy proceeding and confirmation of the Plan, the Silberstein Entities shall remain as members of the Prop Co without any management rights, except David Silberstein shall sign the resolutions authorizing the commencement of the bankruptcy case and related papers on behalf of the Prop Co. The New Investor Group shall retain HMZ Consultants LLC separately to provide advisory services. |
| **Option to Purchase:** | The continuation of the Silberstein Entities as members of the Prop Co shall be subject to an irrevocable and non-defeasible purchase option, to be exercised upon approval of the Plan (and reinstatement of the CON as a condition thereof) hereby |

1

| | granted in favor of the New Investor Group in consideration of its obligations relating to the membership interests held by each of the Silberstein Entities to purchaser at no additional cost all right, title and interest in the restructured membership interests of the Prop Co as determined by the New Investor Group. Additionally, David Silberstein, for himself and as manager of Coal Connecticut, LLC hereby also grants, to be exercised upon approval of the Plan (and reinstatement of the CON as a condition thereof), an irrevocable and non-defeasible purchase option in favor of the New Investor Group to purchase at no additional cost all right, title and interest of the 33% membership interest held by NR Connecticut LLC (the "*Op Co*") together with David Silberstein's rights to manage the Op Co. |
|---|---|
| **Venue:** | The United States Bankruptcy Court for the Eastern District of New York (the "*Bankruptcy Court*"). |
| **Projected Timeline, Subject to Court Availability, without being a condition:** | • December 30, 2024: Anticipated date to commence Chapter 11 case.<br><br>• February 28, 2025: Anticipated date to file a Plan<br><br>• April 30, 2025: Anticipated date to obtain Court approval of Plan |
| **Secured Claims to be Restructured by the Prop Co:** | Approximately $15,262,405 (the "*Prepetition Notes Claim*") owed to Arba Creditors Investors II, L.P. as successor to Fulton Bank (the "*Lender*"). |
| <div align="center">**CHAPTER 11 FRAMEWORK**</div> | |
| **Transfer of Prop Co:** | The Restructuring shall be implemented through the commencement of Chapter 11 case on behalf of the Prop Co to pursue restructuring of the Prepetition Note Claim plus payments as negotiated with the holders of the Prop Co's other allowed claims. The restructuring shall be financed by the New Investor Group on terms which they deem advisable in their sole discretion.<br><br>On the Effective Date of the Plan, all of the Debtor's right, title, and interest in the Debtor and the Property at 915 Ella T. Grasso Boulevard, New Haven, Connecticut shall be transferred to a designee of the New Investor Group, including the right of the Prop Co to collect all lease arrears from the Op Co and to exercise default rights, but otherwise free and clear of all claims, interests, and encumbrances. |
| **Debtor Professionals:** | All fees and expenses of the professionals retained by, or on behalf of, the Debtor (collectively, the "*Debtor Professionals*") shall be paid by the New Investor Group, including a retainer of $35,000 to Goldberg Weprin Finkel Goldstein LLP. |
| **Initial Funding to Maintain the Property:** | On the Petition Date, the New Investor Group shall transfer up to $100,000 to a Debtor-in-Possession bank account to be established by the FM (the "*DIP Account*") to fund the initial cash requirements of the bankruptcy case (the "*Chapter 11 Costs*"). |

| Actions to be Taken with Respect to the Op Co CON: | David Silberstein represents that he is currently the sole manager of the Op Co. The parties acknowledge that DRPS Management LLC is authorized to appoint a manager of the Op Co to succeed Peter Schorr should it elect to do so but has not done so. The parties further acknowledge that on or about October 7, 2024, the Superior Court of the State of Connecticut, Judicial District of New Haven, appointed a receiver for the property of the Op Co. David Silberstein hereby agrees to fully and timely cooperate with all efforts undertaken by the New Investor Group to reinstate the certificate of need ("*CON*") relating to the Op Co (subject to regulatory approval) to be pursued by the New Investor Group with the assistance of its consultant, Sean Cherry of Misson BHC. To this end, David Silberstein shall sign as Manager of the Op Co the application for reinstatement of the CON as prepared by Sean Cherry, together with all other relevant papers required to reinstate the CON now or in the future, including a resolution for a potential Chapter 11 filing by the Op Co as may be necessary. David Silberstein shall also provide written notice to the other members of the Op Co that he is filing an application for the reinstatement of the Con and that he is going to take all necessary legal actions in connection therewith. David Silberstein shall additionally provide a power of attorney in favor of one or more members of the New Investor Group authorizing the holder of the power to act on his behalf with respect to all actions which may be necessary to reinstate the CON after the filing of the application. David Silberstein further represents that the Op Co is and remains in substantial default under its lease with the Prop Co (the "*Lease*") and an Event of Default exists or has been declared. Pursuant to section 9.12(a) of the Lease, after termination of the Lease based upon an Event of Default, the Op Co is required to assign the CON as reinstated and all certificates or permits, trade names, reservations or allocations held in the name of the Op Co or its agents, to the Prop Co or its designees as permitted by law. David Silberstein shall execute all documents requested by the New Investor Group to effectuate the assignment of the CON once reinstated in accordance with the Lease or as required by state regulatory authorities. Any actions taken by David Silberstein or the Silberstein Entities to terminate, hinder, modify or abridge the New Investor Group's rights hereunder shall be deemed null and void ab initio. |
|---|---|

## TREATMENT OF CLAIMS AND INTERESTS UNDER PLAN

| Administrative Expense Claims and Priority Tax Claims: | Except to the extent that a holder agrees to a less favorable treatment, each holder of an Allowed Administrative Expense Claims or Allowed Priority Tax Claims will be unclassified Claims under the Plan and receive payment in full on the Effective Date of the Plan. |
|---|---|
| Lender's Secured Claims: | The New Investor Group shall negotiate regarding the terms of payment of the Lender's alleged claim of $15,262,405 as of November 22, 2024, or other allowed treatment under the Bankruptcy Code. |
| All Other Claims: | Each holder of an Allowed General Unsecured Claim against the Prop Co shall receive a *pro rata* distribution from a creditor reserve established by the New Investor Group in the total sum of $50,000, including the claims of mechanics' lienors. |

| | |
|---|---|
| **Disposition of Equity Interests:** | On the Effective Date and in the event that the New Investor Group does not exercise the purchase option, all pre-bankruptcy Equity Interests of the Silberstein Entities in the Prop Co shall be cancelled and the New Investor Group shall become the 100% equity holder of the reorganized Prop Co. |
| **Rent Claims:** | All Intercompany Lease Claims held by the Prop Co remain subject to collection as owed by the Op Co and such rent claims shall be acquired by the New Investor Group as part of the Plan.  As a result of the Event of Default under the Lease, the Op Co is required to assign the CON as reinstated to the Prop Co or its designees subject to all regulatory approvals as directed by the New Investor Group on behalf of the Prop Co. |
| <div align="center">**OTHER PROVISIONS**</div> | |
| **Conditions to Effectiveness:** | Effectiveness of the Plan will be subject to the satisfaction of customary conditions, including the following (as applicable): <ol type="i"><li>the Bankruptcy Court will have entered the Confirmation Order in form and content acceptable to the New Investor Group providing for a transfer of the facility owned by Prop Co, and such Confirmation Order will not have been stayed, modified or vacated on appeal;</li><li>all governmental approvals and third-party approvals necessary to effectuate the reinstatement and assignment of the CON to the New Investor Group or the Prop Co (or their designee) as applicable;</li><li>settlement of the Debtor's debt to Nexus and the OP Co's outstanding debts owed to Stonehenge Capital Fund Connecticut IV LLC (to the extent the Op Co does not have adequate resources therefore) as negotiated by the New Investor Group, based upon total consideration of up to $1,000,000 to be made by the New Investor Group; and</li><li>all transfers of property to the New Investor Group under the Plan shall qualify for 1146(a) transfer tax exemptions.</li></ol> The conditions to effectiveness may be waived, in whole or in part, in writing by the New Investor Group, except for subsections (i) and (ii) which cannot be waived. |
| **Representations:** | The Silberstein Entities represent that they have not pledged, hypothecated or transferred the membership interests in the Debtor and no person or entity has an option to acquire the same, which are held free and clear of all liens, claims and adverse interests, except for an alleged lien and pledge held by Nexus Capital Investment, which shall also be included as part of the restructuring. <br><br> David Silberstein also represents that he is the sole manager of both the Prop Co and Op Co and has the full authority to act on behalf of the Prop Co and the Op Co to implement all of the terms hereof.  Additionally, David Silberstein shall obtain a letter from the other Silberstein family members as individuals and on behalf of their respective trusts confirming the foregoing. |

4

| Further Assurances/ Communications: | The Debtor, David Silberstein and the Silberstein Entities agree to execute all additional documents (and grant to the New Investor Group a power of attorney to execute same) as may be requested by the New Investor Group to carry out the letter and spirit of this Agreement. Except as may be required by law, any communications inquiries or questions received by David Silberstein on behalf of the Prop Co or the Op Co from any person or entity shall be forwarded to Kevin J. Nash for response. |
|---|---|
| Represented by Counsel: | Each party hereto represents that it has been represented by counsel in connection with this Agreement and the transactions contemplated hereby. Accordingly, any rule of law or legal decision that would provide any party hereto with a defense to the enforcement of this Agreement against such party based upon the lack of legal counsel shall have no application and is expressly waived. |
| Governing Law; Construction: | This Agreement shall be governed by the substantive laws of the State of New York. This Agreement shall be construed according to its fair meaning and not strictly for or against either party. |
| Business Relationships: | The parties agree that in connection with the transactions contemplated herein, the New Investor Group is engaging in a business relationship with the Debtor, Op Co, David Silberstein, each Silberstein Entity and Coal Connecticut, LLC for its own economic benefit. As such, nothing relating to this Agreement or the actions undertaken hereunder shall create, by implication or otherwise, any fiduciary duty between the parties themselves (without negating or undermining the fiduciary obligations of the Prop Co as a debtor-in-possession in Chapter 11). |
| Specific Performance: | The parties agree that money damages would be an insufficient remedy for a breach of this Agreement by the Debtor, Op Co, the Silberstein Entities and/or Coal Connecticut, LLC, and the New Investor Group shall be entitled to specific performance and injunctive or equitable relief as a remedy for any such breach. |
| Entire Agreement: | This Agreement constitutes the entire understanding and agreement between the parties hereto and their affiliates with respect to its subject matter and supersedes all prior or contemporaneous agreements, representations, warranties and understandings of such parties (whether oral or written). This letter and its exhibit hereto may be amended only by written agreement, signed by the parties to be bound by the amendment. |
| Confidentiality Pending Bankruptcy: | Pending the commencement of a Chapter 11 case on behalf of the Prop Co, this Agreement and the terms contained herein are deemed confidential and shall not be disclosed by David Silberstein to any third party (except professional advisors) absent a subpoena or order of the Court. |
| Indemnification/No Liability: | David Silberstein, Coal Connecticut, LLC and the Silberstein Entities shall indemnify and hold the New Investor Group harmless for damage incurred as a result of any breach hereof by the Silberstein Entities, Prop Co, Op Co, David Silberstein and Coal Connecticut, LLC. |

[signatures on the following page]

**IN WITNESS WHEREOF**, the parties hereto have executed this Binding Restructuring Agreement as of the date first written above.

David Silberstein

Silver Mount Two, LLC

By: _____
Authorized Signatory

Silver Mount, LLC

By: _____
Authorized Signatory

Coal New Haven, LLC

By: _____
Authorized Signatory

Retreat CT Holdings LLC

By: _____
Authorized Signatory

NR Connecticut, LLC

By: _____
Authorized Signatory

Coal Connecticut, LLC

By: _____
Authorized Signatory

1

## WRITTEN CONSENT OF THE MEMBERS AND MANAGER OF
## COAL NEW HAVEN LLC

The undersigned, being the members and manager of Coal New Haven LLC (the "Company") hereby adopts the following resolutions by written consent:

WHEREAS, the business and legal affairs of the Company are governed by a certain Operating Agreement as amended; and

WHEREAS, the Company is subject to a pending foreclosure proceedings commenced by the Company's senior lender, following certain mortgage defaults, including with the appointment of a Receiver; and

WHEREAS, the Company owns certain commercial property located in New Haven, Connecticut, which is and was occupied by an affiliate of the Company to operate a drug and alcohol treatment facility; and

WHEREAS, the Company has reached a restructuring and support agreement (the "Restructuring Agreement") with a new investor group known as Retreat CT Holdings LLC (the "New Investor Group") to attempt to restructure the Company's outstanding debts and obligations on a negotiated basis through a Chapter 11 filing rather than allow the Receiver to pursue a distressed sale of the asset; and

WHEREAS, in view of all of the foregoing, the Company intends to commence a Chapter 11 case under the management of the New Investor Group and hereby adopts the following resolutions by unanimous member and manager consent;

NOW, THEREFORE, IT IS HEREBY

RESOLVED, that Mitchell Kahn is designated as the Financial Manager ("FM") of the Company with all attendant rights, authority and responsibilities to act on behalf of the Company in furtherance of the pursuit and implementation of the Restructuring Agreement; and it is further

RESOLVED, the Company is authorized to file a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of New York, Brooklyn Division; and it is further

RESOLVED, Mitchell Kahn, as FM, is authorized to (a) execute the Chapter 11 petition and all other related papers and other documents, and to cause the same to be filed with the Bankruptcy Court; (b) cause the Company to file all schedules, statements, lists, motions, applications and other papers necessary or desirable

to prosecute the Chapter 11 case and achieve confirmation of a plan of reorganization; and (c) take all necessary actions in the Chapter 11 case to pursue a restructuring of the Company's debts as contemplated by the Restructuring Agreement; and it is further

**RESOLVED**, that the Company is authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as counsel in the Chapter 11 case under a general retainer.

IN WITNESS WHEREOF, the undersigned has executed this consent as of December __, 2024.

Silver Mount LLC

By: _____

Name: DAVID SILBERSTEN
Title: MANAGER

Silver Mount Two LLC

By: _____

Name: DAVID SILBERSTEN
Title: MANAGER

David Silberstein

By: _____

Title: Manager

Terms Accepted:

By: _____

Mitchell Kahn

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                    Chapter 11

Coal New Haven, LLC,                                      Case No.

                              Debtor.
-------------------------------------------------------------x

### LIST OF LAWSUITS

1.  Mendel Weider as Trustee of the ADM Charitable Remainder Unitrust et al. v.
    Coal New Haven, LLC, et al.
    Supreme Court, Kings County
    Fraudulent Conveyance
    Index No. 529098-2024

        Plaintiff's Attorney:   Kyle A. Seiss, Esq.
                                Cohen, LaBarbera & Landigran, LLP
                                99 Brookside Avenue
                                Chester, NY 10918

2.  Arba Credit Investors II, L.P. Successor in Interest to Fulton Bank v.
    Coal New Haven, LLC et al.
    Judicial District of New Haven
    Judicial Foreclosure
    Docket No. NNH-CV24-6145304-S

        Plaintiff's Attorney:   Olivia L. Benson
                                Kevin J. McEleney
                                Updike, Kelly & Spellacy, P.C.
                                225 Asylum Street, 20th Floor
                                Hartford, CT 06103

3.  Stonehenge Capital Fund Connecticut IV, LLC v. Coal New Haven, LLC et al.
    Judicial District of New Haven
    Judicial Foreclosure
    Docket No. NNH-CV24-6146521-S

    Plaintiff's Attorney:   Kristin B. Mayhew
                            Pullman & Comley, LLC
                            850 Main Street, 8th Floor
                            Bridgeport, CT 06601

Dated: New York, New York
       December 30, 2024

                                    Coal New Haven, LLC

                        By:     _____
                                Name:  Mitchell Kahn
                                Title:    Financial Manager

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                              Chapter 11

COAL NEW HAVEN, LLC,                                 Case No.

                              Debtor.
-----------------------------------------------------------x

## LOCAL RULE 1073-3 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 1073-3, Coal

New Haven LLC certifies that it is a private non-governmental party, and has no

corporate parent, affiliates and/or subsidiaries which are publicly held.

Dated: New York, New York
       December 30, 2024

                              Coal New Haven, LLC

                       By:    _____
                              Name:  Mitchell Kahn
                              Title:   Financial Manager

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td>Debtor name</td><td>Coal New Haven, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION</td></tr>
<tr><td>Case number (if known):</td><td></td></tr>
</table>

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Brick & Patel LLP 600 Fifth Avenue, 14th Floor New York, NY 10020 | | Legal | Unliquidated | | | $80,349.95 |
| City of New Haven Property Tax 165 Church Street New Haven, CT 06510 | | For notice purposes | Contingent Unliquidated Disputed | | | Unknown |
| Connecticut Department of Revenue 450 Columbus Boulevard Suite 1 Hartford, CT 06103 | | For notice purposes | Contingent Unliquidated Disputed | | | Unknown |
| Internal Revenue Service Centralized Insolvency Operations PO Box 7346 Philadelphia, PA 19101-7346 | | For notice purposes | Contingent Unliquidated Disputed | | | Unknown |
| Mendel Weider as Trustee c/o Kyle A. Seiss, Esq. Cohen, LaBarbera & Landrigan, LLP 99 Brookside Avenue Chester, NY 10918 | | | Unliquidated Disputed | | | $0.00 |
| Nexus Capital Investments LLC 2233 Nostrand Avenue, 3rd Floor Brooklyn, NY 11210 | | | Contingent Unliquidated Disputed | | | $2,560,000.00 |

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com

Debtor    Coal New Haven, LLC                                                    Case number (if known) _____
         ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
              Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Stonehenge Capital Fund Connecticut IV 191 West Nationwide Boulevard Suite 600 Columbus, OH 43215 | | Investor loan | Contingent Unliquidated Disputed | | | $5,341,405.00 |
| U.S. Small Business Administration 409 3rd Street, SW Washington, DC 20416 | | | Unliquidated | | | $145,022.64 |
| Weinstein & Wisser, P.C. 29 South Main Street Suite 207 West Hartford, CT 06107 | | Legal | Unliquidated | | | $19,046.33 |
| YH Roth CPA PC 501 Chestnut Ridge Road Suite 204 Spring Valley, NY 10977 | | Professional Services | Unliquidated | | | $2,750.00 |

**Fill in this information to identify the case:**

Debtor name    Coal New Haven, LLC

United States Bankruptcy Court for the:   EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

Case number (if known)  _____

☐ Check if this is an
   amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.    Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.    18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☒   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☒   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☒   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☒   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   *Amended Schedule* _____
☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/30/2024    X /s/   Mitchell Kahn
                               Signature of individual signing on behalf of debtor

                               Mitchell Kahn
                               Printed name

                               Financial Manager
                               Position or relationship to debtor

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    Coal New Haven, LLC

United States Bankruptcy Court for the:    EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

Case number (if known)  _____

☐ Check if this is an
amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

### Part 1:  Summary of Assets

1.  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*..................................................................... $ _____16,000,000.00

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*.................................................................. $ _____0.00

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*..................................................................... $ _____16,000,000.00

### Part 2:  Summary of Liabilities

2.  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*.................................... $ _____15,262,405.00

3.  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*....................... $ _____0.00

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............. +$ _____8,148,573.92

4.  **Total liabilities** ...................................................................................................................
    Lines 2 + 3a + 3b
    $ _____23,410,978.92

Fill in this information to identify the case:

Debtor name __Coal New Haven LLC__

United States Bankruptcy Court for the: __EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION__

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. Does the debtor have any cash or cash equivalents?

☐ No.  Go to Part 2.
☒ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2. **Cash on hand** | Unknown
   To be verified with Receiver

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1.  To be verified with Receiver | | | Unknown |

4. **Other cash equivalents** *(identify all)*

5. **Total of Part 1.** | **Unknown**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. Does the debtor have any deposits or prepayments?

☐ No.  Go to Part 3.
☒ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

| 7.1.  To be verified with Receiver | Unknown |
| --- | --- |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
   Description, including name of holder of prepayment

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | Coal New Haven LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**9.  Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.

Unknown

**10. Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
☒ Yes Fill in the information below.

**11.**

**Accounts receivable**   To be verified with Receiver, including unpaid rents

11a. 90 days old or less:        0.00        -        0.00       = ....        Unknown
face amount                                 doubtful or uncollectible accounts

**12.  Total of Part 3.**

Current value on lines 11a + 11b = line 12.   Copy the total to line 82.

Unknown

**13. Does the debtor own any investments?**

☒ No.  Go to Part 5.
☐ Yes Fill in the information below.

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☒ No.  Go to Part 6.
☐ Yes Fill in the information below.

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No.  Go to Part 7.
☐ Yes Fill in the information below.

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No.  Go to Part 8.
☐ Yes Fill in the information below.

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No.  Go to Part 9.
☐ Yes Fill in the information below.

**54. Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
☒ Yes Fill in the information below.

**55.  Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

Debtor    Coal New Haven LLC                                    Case number *(if known)* _____
          Name

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.  915 Ella T. Grasso Boulevard, New Haven, Connecticut 06519 | Fee Simple | Unknown | N/A | $16,000,000.00 |

---

56.    **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$16,000,000.00

57.    **Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

58.    **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☐ No
☒ Yes

**Part 10:**    **Intangibles and Intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No.  Go to Part 11.
☐ Yes Fill in the information below.

**Part 11:**    **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☒ No.  Go to Part 12.
☐ Yes Fill in the information below.

Debtor    Coal New Haven LLC                              Case number *(if known)* _____
_____
          Name

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. Accounts receivable. *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. Real property. *Copy line 56, Part 9*.............................................> | | $16,000,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 + 91b. | $16,000,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $16,000,000.00 |

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com

Fill in this information to identify the case:

Debtor name  Coal New Haven, LLC

United States Bankruptcy Court for the:  EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** Arba Creditors Investors II, L.P.<br>*Creditor's Name*<br>161 Washington Street, Suite 1525<br><br>Conshohocken, PA 19428<br>*Creditor's mailing address* | Describe debtor's property that is subject to a lien<br>915 Ella T. Grasso Boulevard, New Haven, Connecticut 06519 | $15,262,405.00 | $16,000,000.00 |
| | Describe the lien<br>First Mortgage | | |
| | Is the creditor an insider or related party?<br>☒ No<br>☐ Yes | | |
| *Creditor's email address, if known* | Is anyone else liable on this claim?<br>☐ No<br>☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | | |
| Date debt was incurred<br>August 21, 2012, October 7, 2016, and October 31, 2018<br>Last 4 digits of account number | | | |
| Do multiple creditors have an interest in the same property?<br>☒ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | As of the petition filing date, the claim is:<br>Check all that apply<br>☐ Contingent<br>☒ Unliquidated<br>☐ Disputed | | |

**3.   Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$15,262,405.00

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name   and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

Fill in this information to identify the case:

Debtor name    Coal New Haven, LLC

United States Bankruptcy Court for the:    EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

Case number (if known)    _____

☐ Check if this is an amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ☒ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors
   with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|

| 2.1 | Priority creditor's name and mailing address<br>City of New Haven Property Tax<br>165 Church Street<br>New Haven, CT 06510 | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed | Unknown | Unknown |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim:<br>For notice purposes | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>☒ No<br>☐ Yes | | |

| 2.2 | Priority creditor's name and mailing address<br>Connecticut Department of Revenue<br>450 Columbus Boulevard<br>Suite 1<br>Hartford, CT 06103 | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed | Unknown | Unknown |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim:<br>For notice purposes | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>☒ No<br>☐ Yes | | |

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | Coal New Haven LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | Unknown | Unknown |
|---|---|---|---|---|

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

*Check all that apply.*
☒ Contingent
☒ Unliquidated
☒ Disputed

Date or dates debt was incurred

Basis for the claim:
For notice purposes

Last 4 digits of account number

Is the claim subject to offset?
☒ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a)(8)

---

## Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $80,349.95 |
|---|---|---|---|

Brick & Patel LLP
600 Fifth Avenue, 14th Floor
New York, NY 10020

☐ Contingent
☒ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  Legal

Last 4 digits of account number __

Is the claim subject to offset?  ☒ No  ☐ Yes

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown |
|---|---|---|---|

Mendel Weider as Trustee of the ADM
Charitable Remainder Unitrust,
Avraham Weider, Mendel Weider,
David Weider, Mendel Weider as
Trustee of the Blue River Irrevocable
Trust, and ADM Equities, LLC
c/o Kyle A. Seiss, Esq.
Cohen, LaBarbera & Landrigan, LLP
99 Brookside Avenue
Chester, NY 10918

☐ Contingent
☒ Unliquidated
☒ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset?  ☒ No  ☐ Yes

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $2,560,000.00 |
|---|---|---|---|

Nexus Capital Investments LLC
2233 Nostrand Avenue, 3rd Floor
Brooklyn, NY 11210

☒ Contingent
☒ Unliquidated
☒ Disputed

Date(s) debt was incurred  November 8, 2018

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset?  ☒ No  ☐ Yes

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $5,341,405.00 |
|---|---|---|---|

Stonehenge Capital Fund Connecticut IV
191 West Nationwide Boulevard
Suite 600
Columbus, OH 43215

☒ Contingent
☒ Unliquidated
☒ Disputed

Date(s) debt was incurred __

Basis for the claim:  Investor loan

Last 4 digits of account number __

Is the claim subject to offset?  ☒ No  ☐ Yes

---

| Debtor | Coal New Haven LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 3.5 | Nonpriority creditor's name and mailing address<br>U.S. Small Business Administration<br>409 3rd Street, SW<br>Washington, DC 20416 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☒ Unliquidated<br>☐ Disputed | $145,022.64 |
|---|---|---|---|
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.6 | Nonpriority creditor's name and mailing address<br>Weinstein & Wisser, P.C.<br>29 South Main Street<br>Suite 207<br>West Hartford, CT 06107 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☒ Unliquidated<br>☐ Disputed | $19,046.33 |
|---|---|---|---|
| | Date(s) debt was incurred __ | Basis for the claim: Legal | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.7 | Nonpriority creditor's name and mailing address<br>YH Roth CPA PC<br>501 Chestnut Ridge Road<br>Suite 204<br>Spring Valley, NY 10977 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☒ Unliquidated<br>☐ Disputed | $2,750.00 |
|---|---|---|---|
| | Date(s) debt was incurred __ | Basis for the claim: Professional Services | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ☒ No  ☐ Yes | |

## Part 3:    List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

## Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.  Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b.  + | $ | 8,148,573.92 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ | 8,148,573.92 |

Fill in this information to identify the case:

Debtor name __Coal New Haven, LLC__

United States Bankruptcy Court for the: __EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION__

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases
12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.    There is nothing else to report on this form.
    ☒ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets – Real and Personal     Property*
    (Official Form 206A/B).

2.  List all **contracts and unexpired leases**

    **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | |
|---|---|---|
| | State the term remaining | |
| | List the contract number of any government contract | _____ | NR Connecticut LLC _____ |

Fill in this information to identify the case:

Debtor name    Coal New Haven, LLC

United States Bankruptcy Court for the:    EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                                                12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☒ Yes

2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
   creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
   on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1  David Silberstein | 1001 East 19th Street Brooklyn, NY | Arba Creditors Investors II, L.P. | ☒ D  2.1 ☐ E/F _____ ☐ G _____ |
| 2.2  David Silberstein | 1001 East 19th Street Brooklyn, NY | Stonehenge Capital Fund Connecticut IV | ☐ D _____ ☒ E/F  3.4 ☐ G _____ |

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

**United States Bankruptcy Court**
**Eastern District of New York, Brooklyn Division**

| | | | |
|---|---|---|---|
| In re | Coal New Haven, LLC | Case No. | |
| | Debtor(s) | Chapter | 11 |

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) or attorney for the debtor(s) hereby verify that the attached matrix (list of creditors) is true and correct to the best of their knowledge.

Date: 12/30/2024

/s/ Mitchell Kahn
 Mitchell Kahn/Financial Manager
Signer/Title

Date:

/s/ Kevin Nash
Signature of Attorney
Kevin Nash
Goldberg Weprin Finkel Goldstein LLP
125 Park Ave
New York, NY 10017-5690
Fax:

Arba Creditors Investors II, L.P.
161 Washington Street, Suite 1525
Conshohocken, PA 19428

Brick & Patel LLP
600 Fifth Avenue, 14th Floor
New York, NY 10020

City of New Haven Property Tax
165 Church Street
New Haven, CT 06510

Connecticut Department of Revenue
450 Columbus Boulevard
Suite 1
Hartford, CT 06103

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Mendel Weider as Trustee of the ADM
Charitable Remainder Unitrust, Avraham
Weider, Mendel Weider, David Weider,
Mendel Weider as Trustee of the Blue River
Irrevocable Trust, and ADM Equities, LLC
c/o Kyle A. Seiss, Esq.
Cohen, LaBarbera & Landrigan, LLP
99 Brookside Avenue
Chester, New York 10918

Nexus Capital Investments LLC
2233 Nostrand Avenue, 3rd Floor
Brooklyn, NY 11210

Stonehenge Capital Fund Connecticut IV
191 West Nationwide Boulevard
Suite 600
Columbus, OH 43215

U.S. Small Business Administration
409 3rd Street, SW
Washington, DC 20416

Weinstein & Wisser, P.C.
29 South Main Street
Suite 207
West Hartford, CT 06107

YH Roth CPA PC
501 Chestnut Ridge Road
Suite 204
Spring Valley, NY 10977